UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**MICHELE SHARP,**

      Plaintiff,

  v.

**KEAN UNIVERSITY et al.,**

      Defendants.

Civ. No. 2:14-423 (WJM)

**OPINION**

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiff Michelle Sharp accuses Kean University ("Kean") and some of its current and former employees (collectively "the Kean Defendants"), as well as the National Collegiate Athletic Association ("NCAA"), of sabotaging her reputation and career in violation of state and federal law. This matter comes before the Court on Sharp's motion for reconsideration of this Court's December 28, 2015 order dismissing Sharp's claims against Kean and the NCAA. For the reasons stated below, Sharp's motion will be **DENIED**.

    The Court assumes familiarity with the facts and writes primarily for the benefit of the parties. In January 2015, Sharp filed an amended complaint ("the Amended Complaint") naming Kean, the NCAA, and other related individuals as Defendants.[1] The Amended Complaint claims that the NCAA and Kean worked together to unfairly implicate Sharp in a scandal that caused her to lose her job and good reputation. Sharp sets forth numerous causes of action against those defendants, including violations of 42 U.S.C. § 1983, Title IX, civil RICO, and the New Jersey Law Against Discrimination ("NJLAD"). After the NCAA and Kean moved to dismiss, the Court issued a December 28, 2015 order ("the Order") dismissing Sharp's complaint.

    Sharp now moves for this Court to partially reconsider its decision. Specifically, Sharp claims that the Court "committed reversal [sic] error misapplying law and facts as

---

[1] Sharp also alleged a legal malpractice claim against her former attorney. The Court dismissed that claim without prejudice to Sharp's right to refile in state court.

to [the NJLAD claim]." Pl.'s Notice of Mot. at 2.  Consequently, Sharp asks this Court to vacate the portion of the Order dismissing her NJLAD retaliation claim.

A court may grant a motion for reconsideration under Rule 59(e) only if (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).[2]  Although her moving papers are difficult to follow, Sharp appears to argue that new evidence has become available and that the Court made a clear error of law

Sharp has failed to show why reconsideration is warranted.  Sharp has not specifically pointed to any new evidence supporting her claims.  Instead, she relies on the fact that "a California Court found that a fired football coach could have his day in Court because the NCAA disregarded the truth…." Pl's. Mot. at 4.  However, Sharp does not show how the California case and the instant matter are similar, nor does she explain how the ruling in the California case – which appears to concern whether a coach was aware of NCAA violations – has any bearing on what Sharp must prove to make out an NJLAD retaliation claim.  "An NJLAD retaliation claim can only succeed where the plaintiff shows that he or she faced reprisal for opposing conduct that the NJLAD prohibits, including discrimination on the basis of race, color, religion, sex, or national origin." *Sharp v. Kean,* Civ. No. 14-00423, 2014 WL 6908775, *5 (citing N.J.S.A. § 10:5-12(d)).  As stated in the Court's prior opinion accompanying the Order, the Amended Complaint in no way alleges that Sharp was disciplined for engaging in protected activity.

For the reasons stated above, Sharp's motion for reconsideration is **DENIED**.  An appropriate order accompanies this decision.

                                                 /s/ William J. Martini
                                       **WILLIAM J. MARTINI, U.S.D.J.**

Date:  March 18, 2016

---

[2] Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it.  *See In re Rose*, No. 06–1818, 2007 WL 2533894, at *3 (D.N.J. Aug.30, 2007).